[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15822
Non-Argument Calendar
_____

Agency No. A070-423-265

MAO SHENG ZHENG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 3, 2015)

Before WILLIAM PRYOR, MARTIN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Mao Sheng Zheng appeals the Board of Immigration Appeals' (BIA)

decision that he was excludable from the United States.[1]  Zheng is a native and citizen of China.  He was first charged with a notice of excludability in 1991, shortly after he sought admission to the United States using someone else's passport.  After a series of proceedings not relevant to this appeal, an IJ ordered Zheng's deportation in 2013.  The IJ's decision was based on two separate provisions of the Immigration and Nationality Act (INA).  First, Zheng conceded that he was excludable under former INA § 212(a)(20), 8 U.S.C. § 1182(a)(20) (1988) (current version at 8 U.S.C. § 1182(a)(7) (2013)), because he was "not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document" at the time that he sought admission to the United States.  Second, the IJ found that Zheng was also excludable under former INA § 212(a)(19), 8 U.S.C. § 1182(a)(19) (1988) (current version at 8 U.S.C. § 1182(a)(6)(C)(1) (2013)), which bars the admission of any person who seeks entry into the United States "by fraud or willfully misrepresenting a material fact."

---

[1] Zheng's immigration proceedings began in 1991.  At that time, federal immigration law recognized a distinction between "exclusion" proceedings, which generally applied to prospective immigrants seeking to enter the United States, and "deportation" proceedings, which generally applied to immigrants who already resided here.  See Vartelas v. Holder, 566 U.S. ___, ___, 132 S. Ct. 1479, 1484 (2012).  In 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (1996), which eliminated the distinction between exclusion and deportation proceedings and replaced them with a single "removal" proceeding.  Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1252 n.8 (11th Cir. 2008).  However, because Zheng's immigration proceedings began before the IIRIRA went into effect, we apply the relevant law as it existed at the time that his proceedings began.  See IIRIRA § 309(a), (c).

Zheng filed an appeal with the BIA, challenging only the IJ's finding of fraud or willful misrepresentation.  Without adopting the IJ's decision, and expressly declining to reach Zheng's § 212(a)(19) argument, the BIA observed that Zheng had conceded he had tried to enter the United States without a valid entry document, in violation of § 212(a)(20).  For this reason, it found that Zheng was excludable and dismissed his appeal.

In his appeal in this Court, Zheng makes no argument regarding the BIA's § 212(a)(20) holding.  Instead, he argues that the IJ erred by finding that he entered the United States by fraud or willful misrepresentation.  However, we are unable to address any claimed error by the IJ because the BIA issued its own opinion without expressly adopting the IJ's decision.  Thus, we review only the BIA's opinion. Indrawati v. U.S. Att'y Gen., 779 F.3d 1284, 1297 (11th Cir. 2015).  Zheng's arguments regarding the IJ's decision lie beyond the scope of our review.

Neither are we able to address Zheng's excludability under § 212(a)(20).  We lack jurisdiction to review a petitioner's claim unless he has exhausted all available administrative remedies, which includes raising the claim in an appeal to the BIA.  Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam).  This is true even where, as here, the BIA addresses an issue of its own accord.  Id. at 1251.  Because Zheng failed to raise any claim challenging

3

his excludability under § 212(a)(20) before the BIA, we lack jurisdiction to consider any such argument here.

**PETITION DENIED**.